UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Officer Salvatore Ziccarelli, | ) | Case No. 11 Cv- |
|     Plaintiffs, | ) | |
| | ) | |
|     v. | ) | |
| Cook County, Illinois, a body politic, Sheriff Tom | ) | |
| Dart, Sheriff of Cook County, Cook County | ) | |
| Sheriff's Department, Superintendent Martha | ) | |
| Salazar, Captain Henry Page, | ) | |
|     Defendants. | ) | Jury Demanded |

**COMPLAINT UNDER TITLE VII OF CIVIL RIGHTS ACT OF 1964 (UNLAWFUL EMPLOYMENT DISCRIMINATION BASED ON RACE, NATIONAL ORIGIN, SEX, AGE, AND RETALIATION)**

Plaintiff complains of the Defendants as follows:

**Count I – Race Discrimination in Employment**

1. Jurisdiction of this case is based upon Federal question, as Plaintiff claims redress for unlawful employment discrimination based upon race, sex, retaliation and age under Title VII of the Civil Rights Act of 1964, Title 42 USC Section 2000e *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), Title 29 USC Section 621 *et seq*

2. Venue is proper in this Court as the cause of action arose and all acts complained of herein transpired in the County of Cook, State of Illinois, within the geographic expanse of this Court.

3. At all times relevant to this Complaint, Plaintiff Officer Salvatore Ziccarelli was and remains a deputy Sheriff of Cook County, employed within the Cook County Sheriff's Department of as a corrections officer at the Cook County Jail. Plaintiffs is a male member of the white or Caucasian race, and is forty-seven (47) years of age.

4. Plaintiff is being constantly harassed in his employment and denied benefits for his work as a corrections officer by his superintendent, Defendant Martha Salazar ("Salazar"), his Captain, Defendant Henry Page ("Page"), and other supervisory officers employed in the CCDOC Divisions to which he was assigned. This harassment began in May, 2008 and has continued on a regular basis until the date of this Complaint.

5. The harassment and discriminatory treatment to which Plaintiff is subjected includes:

-- underpayment for hours worked on multiple occasions;

-- denial of "premiums" (credit or excess monetary compensation for lunch hour not fully utilized) which are accorded to Latin American Officers with comparable or less qualifications and seniority than Plaintiff's;

-- denial of re-assignment on a ninety-day rotating cycle, referred to as the "90", which is a breach of the standard practice for the Defendant Sheriff's Department and Cook County Department of Corrections ("CCDOC") of re-assigning officers to different assignments upon conclusion of every period of ninety days; and

--    consistent assignment of Plaintiff to cross-watch multiple tiers of inmates without any officer to assist him (in derogation of the Sheriff's own regulations for Jail employees).

6.    Specifically, Defendants Salazar and Pagedenied Plaintiff premiums or premium pay on April 13, 2009, May 7, 2009, May 8, 2009, August 6, 2009 and August 9, 2009.

7.    Defendant Page announced to Plaintiff on about March 25, 2009 that he would give premiums to officers according to his personal preference.

8.    This practice has resulted in Plaintiff receiving substantially fewer premiums than similarly situated black and Latin American officers.

9.    Plaintiff has been denied rotation of his job assignment every ninety days on multiple rounds, including in March and April, 2009.

10.    Plaintiff has been regularly forced to "cross-watch" multiple tiers of inmates simultaneously, which is in derogation of the prescribed practices of the CCDOC.  Plaintiff was forced to cross-watch particularly on May 4, 2009, May 8, 2009, June 1, 2009, June 2, 2009, June 7, 2009, June 8, 2009 and June 9, 2009.

11.    This practice has not been inflicted on similarly situated black and Latin American officers.

12.    Plaintiff is not in any way responsible for fomenting discord or provoking the harassing, abusive, discriminatory and demeaning behavior and treatment to which he is

3

subjected as set forth above.

14. Other non-Caucasian and non-White employees under Plaintiff's supervisor Defendants Captain Page and Superintendent Salazar were not and are not treated in the same fashion.

14. Plaintiff filed a charge with the Illinois Department of Human Rights ("IDHR"), No. 2010CA1507, cross-filed with the Equal Employment Opportunity Commission ("EEOC"), No. 21B-2010-00428, on about October 15, 2009. (Copies of the IDHR Charge and the EEOC Charge, and the attendant Right-To-Sue letter, is attached as Group Exhibit 1 and made a part of this Complaint).

15. The EEOC issued its Right-To-Sue letter in this Charge on June 9, 2011. (See Group Exhibit 1).

Wherefore, Plaintiff Officer Salvatore Ziccarelli respectfully requests that he be awarded judgment in a sum in excess of $75,000.00 against Defendants Cook County, Illinois, a body politic, Sheriff Tom Dart, Sheriff of Cook County, Cook County Sheriff's Department, Superintendent Martha Salazar, and Captain Henry Page, individually and as agents of Cook County, Illinois, jointly and severally, plus attorney's fees, costs and such further relief as the Court deems just. Plaintiff demands trial by jury.

**Count II -- Sex Discrimination in Employment**

16 - 30.   Plaintiff repeats the allegations of paragraphs 1 through 15 inclusive of Count I as though fully set forth.

31.   Plaintiff was placed in more dangerous posts than his female co-workers, and assigned to cross-watch tiers more often than his female co-workers, from March 4, 2009 through August 9, 2009.

Wherefore, Plaintiff Officer Salvatore Ziccarelli respectfully requests that he be awarded judgment in a sum in excess of $75,000.00 against Defendants Cook County, Illinois, a body politic, Sheriff Tom Dart, Sheriff of Cook County, Cook County Sheriff's Department, Superintendent Martha Salazar, and Captain Henry Page, individually and as agents of Cook County, Illinois, jointly and severally, plus attorney's fees, costs and such further relief as the Court deems just.   Plaintiff demands trial by jury.

**Count III -- Age Discrimination in Employment**

32 - 46.   Plaintiff repeats the allegations of paragraphs 1 through 15 inclusive of Count I as though fully set forth.

47.   Plaintiff was at all times relevant to this Complaint older than forty years of age.

48.   Upon information and belief, Plaintiff was offered fewer premiums, placed in more dangerous posts, and assigned to cross-watch tiers more often than his similarly situated

co-workers who were younger than forty years of age, from March 4, 2009 through August 9, 2009.

Wherefore, Plaintiff Officer Salvatore Ziccarelli respectfully requests that he be awarded judgment in a sum in excess of $75,000.00 against Defendants Cook County, Illinois, a body politic, Sheriff Tom Dart, Sheriff of Cook County, Cook County Sheriff's Department, Superintendent Martha Salazar, and Captain Henry Page, individually and as agents of Cook County, Illinois, jointly and severally, plus attorney's fees, costs and such further relief as the Court deems just. Plaintiff demands trial by jury.

### Count IV -- Unlawful Retaliatory Conduct in Employment

49 - 63.   Plaintiff repeats the allegations of paragraphs 1 through 15 inclusive of Count I as though fully set forth.

64.   Upon information and belief, Plaintiff was subjected to the discriminatory and harassing conduct described hereinabove, at least in part, in retaliation for Plaintiff's filing of grievances to challenge discriminatory and harassing treatment against him.

Wherefore, Plaintiff Officer Salvatore Ziccarelli respectfully requests that he be awarded judgment in a sum in excess of $75,000.00 against Defendants Cook County, Illinois, a body politic, Sheriff Tom Dart, Sheriff of Cook County, Cook County Sheriff's Department, Superintendent Martha Salazar, and Captain Henry Page, individually and as agents of Cook County, Illinois, jointly and severally, plus attorney's fees, costs and such further relief

as the Court deems just.   Plaintiff demands trial by jury.

                                      Respectfully submitted,

                                      Salvatore Zicciarelli,

                                      By:_____/S/__ Michael J. Greco _____
                                              Michael J. Greco, Attorney for
                                              Plaintiff

Michael J. Greco
Attorney at Law
Attorney for Plaintiff
70 W. Hubbard Street
Suite 302
Chicago, Illinois   60654
312 222-0599
Attorney Number 06201254