UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SALVATORE ZICCARELLI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 11 C 4909 ) ) Judge George M. Marovich |
| THOMAS DART and COOK COUNTY, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Salvatore Ziccarelli ("Ziccarelli"), a correctional officer, filed suit alleging violations of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. In Counts I, II and III, respectively, Ziccarelli claims that defendant Dart discriminated against him on the basis of his race, sex and age. In Count IV, Ziccarelli claims that Dart retaliated against him. In Count V, Ziccarelli seeks to have defendant Cook County indemnify defendant Thomas Dart ("Dart") for the alleged discrimination in Counts I through IV. Defendants have filed a motion for summary judgment. For the reasons set forth below, the Court grants defendants' motion for summary judgment.

**I.   Background**

Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. The Court enforces Local Rule 56.1 strictly. Facts that are argued but do not conform with the rule are not considered by the Court. For example, facts included in a party's brief but not in its statement of facts are not considered by the Court because to do so would rob the other party of the opportunity to show that such facts are disputed. Where one party supports a fact with admissible evidence and the other party fails to controvert the fact *with citation to admissible evidence*, the Court deems the

fact admitted. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). This does not, however, absolve the party putting forth the fact of its duty to support the fact with admissible evidence. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012). Asserted "facts" not supported by deposition testimony, documents, affidavits or other evidence admissible for summary judgment purposes are not considered by the Court.

The following facts (which are as sparse as the parties' statements of facts) are undisputed unless otherwise noted.

Plaintiff Ziccarelli has been a Cook County correctional officer since 1989. During the relevant time period, he was assigned to the Cook County Department of Corrections ("CCDOC"). He is a white male who was, as of the date he filed his complaint, forty-seven years of age. He believes he has been slighted in a number of respects during his employment.

For example, Ziccarelli believes he was treated inequitably with respect to "lunch premiums." Defendant gives a correctional officer a lunch premium when, due to operational necessity, defendant requires that officer to work an entire shift without the one-hour lunch break to which the officer would otherwise be entitled. When given a lunch premium, the officer has the choice between taking an hour of compensatory time or being paid for the hour he worked at the rate of time-and-a-half his regular hourly rate. Although correctional officers are not entitled to lunch premiums, Ziccarelli has put forth evidence (disputed by defendants) that the lunch premiums, when available, were supposed to be allocated by seniority.

During part of his employment, Ziccarelli worked in a Division that often required officers to work through lunch, which is to say a Division that often provided lunch premiums. Specifically, Ziccarelli was, for a period of time, assigned to Division 2, which, due to operational need, often required officers to work through lunch. Ziccarelli has put forth evidence

that officers with less seniority than Ziccarelli received more lunch premiums that he. Ziccarelli complained to his supervisors about not receiving sufficient lunch premiums.

While Ziccarelli worked in Division 2, during the time period of May 1, 2008 through April 3, 2010, Ziccarelli was granted 51 lunch premiums. He believes four officers–Anna DeJesus ("DeJesus"), Enrique Cruz ("Cruz"), John Staszak ("Staszak") and Steven Franks ("Franks")–received more lunch premiums than he. It is undisputed that, during the same time period in which Ziccarelli received 51 lunch premiums, Anna DeJesus (an Hispanic female) received 57 lunch premiums; Enrique Cruz (a 42-year-old, Hispanic male) received 57 lunch premiums; John Staszak (a 37-year-old, Hispanic male) received 45 lunch premiums; and Steven Franks (a 52-year-old, white male) received 95 lunch premiums. Eventually, Ziccarelli was transferred from Division 2 to Division 5, where he received more lunch premiums.

Another thing that upset Ziccarelli about his job was that defendant did not always comply with its own practice of rotating correctional officers to new positions every 90 days. Ziccarelli was sometimes denied rotation to a new assignment, which left him "to continue to work in the most arduous, high-risk, extensive inmate contact and labor-intensive settings where other officers with less seniority than Plaintiff have been able to remain in easier, preferred positions for multiple cycles of the purported 'rotating cycle.'" (Plaintiff's Statement of Facts ¶ 11). For example, "Officer Sullivan, white female, age 45, was kept in much easier, more tranquil, less demanding positions without reassignment through multiple 90-day 'rotations' even though she had less seniority than Plaintiff." (Plaintiff's Statement of Facts ¶ 10).

Ziccarelli is also upset about the practice of "cross-watching" at the CCDOC. Cross-watching means that an officer is simultaneously watching two adjacent tiers of inmates. Although cross-watching was permitted in some divisions of CCDOC, Ziccarelli thought it was dangerous. While Ziccarelli worked in Division 2, he was sometimes asked to cross-watch.

Ziccarelli is also upset about discipline. Specifically, in 2009, Ziccarelli was reprimanded for leaving his utility belt in the washroom. Originally, CCDOC personnel recommended that Ziccarelli receive a five-day suspension. After Ziccarelli filed a grievance, Ziccarelli received, instead, a reprimand, which was later removed from his record.

Finally, Ziccarelli complains that a fellow officer, Franks, wrote a complaint against Ziccarelli in May 2009. After Ziccarelli telephoned Franks four times during a shift, another officer (Officer McCloud) told Captain Page about Ziccarelli's calls to Franks. Captain Page, in turn, encouraged Franks to write a report about it. Officer McCloud told Franks to report that Ziccarelli had harassed him, though Franks thought the word "harassment" was an overstatement of the excessive calling.

## II.     Summary Judgment Standard

Summary judgment shall be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

**III.** **Discussion**

    **A.** **Ziccarelli's disparate treatment claims**

In Counts I, II and III, respectively, Ziccarelli claims he was subjected to disparate treatment on the basis of his race, sex and age. Pursuant to Title VII of the Civil Rights Act of 1964, it "shall be an unlawful employment practice for an employer–(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *See* 42 U.S.C. § 2000e-2(a). The Age Discrimination in Employment Act makes it "unlawful for an employer–(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." *See* 29 U.S.C. § 623(a)(1).

Defendant Dart moves for summary judgment on these claims on the grounds that Ziccarelli cannot make out a *prima facie* case of discrimination. Defendant argues that Ziccarelli has not shown that he experienced an adverse employment action and has not shown circumstances that suggest he was treated differently due to his race, sex or age.

The Court first notes that Ziccarelli has proffered no direct evidence of sex, race or age discrimination. Accordingly, he must proceed under the indirect method. To do so, he must first establish a *prima facie* case of discrimination, which consists of evidence that: (1) he is a member of a protected class; (2) his job performance met his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) a similarly-situated individual outside of his protected class was treated more favorably than he was treated. *Coleman v. Donahoe*, 667

F.3d 835, 846 (7th Cir. 2012). The "burden of establishing a prima facie case of disparate treatment is not onerous." *Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). It requires a plaintiff to show that he was "rejected under circumstances which give rise to an inference of unlawful discrimination," and the "standard is not inflexible" because facts vary in different cases. *Burdine*, 450 U.S. at 253 and n.6. Where the plaintiff is not a member of the protected class (as is the situation with Ziccarelli's race and sex discrimination claims), the first element is replaced "with a requirement that the plaintiff show 'background circumstances' suggesting the employer discriminates against the majority.'" *Stockwell v. City of Harvey*, 597 F.3d 895, 901 (7th Cir. 2010).

To be actionable as discrimination under Title VII or the ADEA, a difference in treatment must be material. *Minor v. Centorcor, Inc.*, 457 F.3d 632, 634 (7th Cir. 2006). "[M]any day-to-day travails and disappointments that, although frustrating, are not so central to the employment relation that they amount to discriminatory terms or conditions" are not actionable. *Minor*, 457 F.3d at 634; *see also Smart v. Ball State University*, 89 F.3d 437, 441 (7th Cir. 1996) ("[N]ot everything that makes an employee unhappy is an actionable adverse action. Otherwise, minor and even trivial employment actions that 'an irritable, chip-on-the-shoulder employee did not like would form the basis of a discrimination suit.'") (quoting *Williams v. Bristol-Myers Squibb Co.*, 85 F.3d 270, 274 (7th Cir. 1996)).

### 1.     Lunch premiums

Ziccarelli claims he was discriminated against on the basis of his age, race and sex with respect to the distribution of lunch premiums. Defendant argues that he cannot make out a *prima facie* case with respect to the lunch premiums. The Court agrees.

In attempting to establish unlawful disparate treatment as to lunch premiums, Ziccarelli compares himself to four other employees: Anna DeJesus (Hispanic female, age unknown), Enrique Cruz (Hispanic male, age 42), John Staszak (Hispanic male, age 37) and Steven Franks (white male, age 52). It is undisputed that during the relevant time period of 22 months, Ziccarelli received 51 lunch premiums, DeJesus received 57, Cruz received 57, Staszak received 45 and Franks received 95. Franks is irrelevant, because he is in all of Ziccarelli's classes: he is white, he is male and he is over the age of forty.

It is obvious from the list of officers to whom Ziccarelli compares himself that Ziccarelli cannot make out a *prima facie* case of age discrimination with respect to the lunch premiums. The only person outside of Ziccarelli's class received *fewer* lunch premiums than Ziccarelli.

With respect to Ziccarelli's claims of race discrimination, he has put forth evidence that two people (DeJesus and Cruz) outside of his class were treated more favorably. With respect to his claim for sex discrimination, Ziccarelli has put forth evidence that one person (DeJesus) was treated more favorably. Specifically, over the course of 22 months, Ziccarelli received 51 lunch premiums, while DeJesus and Cruz received 57.

In order for Ziccarelli to make out a *prima facie* case of discrimination, however, the difference in treatment must amount to an adverse employment action, and defendant argues that it does not. Defendant notes that the lunch premiums are discretionary and are given only when jail operations require the officers to work through lunch. Defendant's point has some support. *Tyler v. Ispat Inland Inc.*, 245 F.3d 969, 972 (7th Cir. 2001) ("even the denial of a monetary perk, such as a bonus or reimbursement of certain expenses, does not constitute an adverse employment action if it is wholly within the employer's discretion to grant or deny and is not a

component of the employee's salary."). Still, the Court is not prepared to say that the denial lunch premiums can never be an adverse action. If one officer was never given a lunch premium while another officer outside of his class was given a lunch premium every day, the first officer would have a good argument that the difference in treatment amounted to a material term or condition of employment. Ziccarelli's case, however, is not that case. Here, the difference amounts to six (Ziccarelli's 51 versus DeJesus's and Cruz's 57) lunch premiums over the course of 22 months. A difference of either six hours of compensatory time or nine hours of pay (depending on Ziccarelli's choice) over the course of 22 months (during which time an average employee might have worked about 3666 hours, although the parties do not say how many hours Ziccarelli would have worked) is not a material difference and, therefore, is not actionable under Title VII.

### 2. Cross-watching

Next, Ziccarelli has put forth evidence that he was sometimes required to cross-watch two tiers of detainees at once. He has not made out a *prima facie* case of discrimination with respect to cross-watching, however, because he has failed to put forth evidence of any officer outside of his protected class who was not asked to cross-watch.

### 3. Ziccarelli's discipline

Ziccarelli believes he was discriminated against on the basis of his sex, age and race in 2009, when he was reprimanded for leaving his utility belt in a bathroom. The evidence is undisputed that after Ziccarelli filed a grievance, he was disciplined with a reprimand that was later removed from his record. Letters of reprimand that do not change the terms or conditions of one's employment are not actionable as discrimination under Title VII. *Lloyd v. Swifty*

*Trans., Inc.*, 552 F.3d 594, 602 (7th Cir. 2009). Ziccarelli has not shown that the letter of reprimand affected his pay or benefits in any way. Accordingly, the letter of reprimand is not actionable.

### 4. 90-day rotations

Ziccarelli also complains that defendant did not always comply with its policy of rotating officers to new positions after 90 days. Ziccarelli has put forth evidence that neither he nor a female officer (Officer Sullivan) were rotated, the upshot of which was that Ziccarelli was left in a position Ziccarelli thought was more difficult, while Sullivan was left in a position Ziccarelli thought was easier. Ziccarelli does not compare himself to anyone who is outside of his age or race class, so he fails to make out a *prima facie* case of race or age discrimination.

With respect to the sex discrimination claim, defendant argues that Ziccarelli cannot make out a *prima facie* case, because Ziccarelli, who seeks to establish reverse discrimination, has not put forth evidence of "background circumstances" suggesting defendant discriminates against men. *Stockwell*, 597 F.3d at 901. The Court agrees. Ziccarelli did not respond to this argument in his brief, and the Court does not see any record evidence that suggests defendant discriminates against men. Accordingly, Ziccarelli has failed to make out a *prima facie* case of sex discrimination.

Ziccarelli has failed to make out a *prima facie* case of discrimination on the basis of his sex, his race or his age. Accordingly, defendant Dart is entitled to judgment as a matter of law on Counts I, II and III. Defendants' motion for summary judgment is granted with respect to those counts.

B.     Ziccarelli's retaliation claim

In Count IV of his complaint, Ziccarelli asserts that defendant Dart retaliated against him after he filed a grievance. As far as the Court can tell (from Ziccarelli's two-sentence argument in opposition to defendants' motion for summary judgment on this claim), Ziccarelli is attempting to prove that after Ziccarelli filed a grievance to complain about the lunch premiums, defendant retaliated against him when Officer Franks wrote a report suggesting that Ziccarelli was harassing Franks.

Defendant argues that Ziccarelli has failed to establish that he suffered an adverse action, and the Court agrees. To have an actionable claim for retaliation, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern & Sante Fe Railway Co. v. White*, 548 U.S. 53, 68 (2006) (internal citations omitted). The adversity must be "material" in order "to separate significant from trivial harms." *Id.* The standard is "general" because "the significance of any given act of retaliation will often depend upon the particular circumstances." *Burlington Northern*, 548 U.S. at 69. Here, the action Ziccarelli complains about is a written complaint about his performance, which did not result in any disciplinary action. Minor criticisms of an employee's performance are not materially adverse actions. *Lloyd v. Swifty Trans., Inc.*, 552 F.3d 594, 602 (7th Cir. 2009) (holding that two written reprimands were not adverse actions for purposes of a retaliation claim).

Because Ziccarelli has not established a material adverse action, he cannot prevail on his retaliation claim. Defendant Dart is entitled to judgment as a matter of law, and defendants' motion for summary judgment as to Count IV is granted.

### C. Indemnification

In Count V, Ziccarelli seeks indemnification from Cook County for Dart's alleged liability on Counts I, II, III and IV. Cook County moves for summary judgment on the grounds that Dart is not liable. Because the Court has granted Dart summary judgment on Counts I, II, III and IV, the Court agrees that Cook County is entitled to judgment as a matter of law on Count V. Accordingly, the Court grants summary judgment to Cook County on Count V.

### IV. Conclusion

For the reasons set forth above, the Court grants defendants' motion for summary judgment. Defendant Dart is granted summary judgment on Counts I, II, III and IV. Defendant Cook County is granted summary judgment on Count V. Case closed.

ENTER:

_____
George M. Marovich
United States District Judge

DATED: August 6, 2013